THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SAMUEL SCHATZ and EDDIE ELLIS, Appellants.— Appeals by defendants from judgments of the Supreme Court, Kings County, rendered December 19, 1969, convicting them of arson in the third degree, upon a jury verdict, and sentencing each of them to a prison term of 1½ to 5 years, with execution thereof suspended, and to a $500 fine. Judgments reversed, on the law and the facts and in the interests of justice, and new trial ordered. The indictment herein charged defendants with arson in the third degree in connection with a conflagration on the night of April 29, 1967 in which a superette, located at 2670 Coney Island Avenue in Brooklyn, New York, was destroyed. Defendants were the proprietors of the superette and an adjoining liquor store. The People's proof at the trial included testimony of two men who had been in an automobile stopped at a traffic light diagonally across from the superette at about 9:50 P.M. on the night in question. They observed a flash and a muffled explosion. They saw the windows blown out of the superette and the defendants running from the store. Firemen arrived within five minutes. One of them testified he attempted to enter the superette from the rear and smelled an intense odor of gasoline. Outside the rear door he discovered a can, which had contained gasoline. The battalion chief also testified that he smelled gasoline inside the store and that the fire was heavier in the rear portion of the store. An experienced fire marshal who arrived at about 10:30 P.M. testified he could state with a reasonable degree of certainty that the odor he smelled inside the superette was gasoline. He also noted the rear doors of the superette had been locked by a padlock from the inside. A set of keys belonging to defendant Ellis was hanging from one of the locks inside of the front door. A police detective who arrived about 10:10 P.M. testified he was directed to two injured persons on the sidewalk, later identified as defendants. Both were questioned. Ellis told him he was in the liquor store when there was an explosion and that he was burned when the fire came through the fire wall. The evidence established, however, that the fire never entered the liquor store. Ellis had second degree burns of his face, head and hands and both his legs were fractured. Defendants testified at the trial. Schatz stated he closed the superette at 7:00 P.M. He had receipts totaling about $1,200 and hid them on one of the shelves. He then went next door, to the liquor store, to help Ellis. About 10:00 P.M. he heard a noise and went to investigate. As he approached the superette, a flame lashed out from near the front door and struck him in the face. He did not recall anything thereafter until he was treated at the hospital. On the way to the police precinct with Detective Kennedy he stopped to recover the money from both stores, but could not get into the superette. Ellis could not recall making any statement to Detective Kennedy. Otherwise his testimony was substantially the same as Schatz', except that Ellis said he had actually entered the superette to recover the receipts when the explosion occurred. In rebuttal,

Detective Kennedy testified that at no time did defendant Schatz ever mention that money had been left inside the superette or that he went to recover it. The People's proof as depicted above was fairly strong but entirely circumstantial. It is in such a case, as noted in *People* v. *Lewis* (275 N. Y. 33, 40), "that the motive often becomes not only material but controlling, and in such cases the facts from which it may be inferred must be proved. It cannot be imagined any more than any other circumstance in the case". The record at bar contains no facts from which an inference that defendants had a motive for committing their crimes could be drawn. In fact, defendants had a strong motive to the contrary. Both were businessmen with excellent reputations. Their business was producing sufficient revenue to reduce their mortgage and pay both a salary. In this context, the remarks of the prosecutor on summation were improper and highly prejudicial. In discussing the issue of motive, the prosecutor stated to the jury that "the People did not intend to [establish motive] and therefore you cannot assume they did not have evidence of any motive outside the fact of intending to light this fire". This would have the likely effect of leading the jurors to believe the prosecutor had evidence, but simply had not presented it, on the issue of motive. It amounts to unsworn testimony by the prosecutor (see *People* v. *Lovello,* 1 N Y 2d 436). The prosecutor continued: "Now we get back to motive. Assume I could have proven it — this is what I seemed to indicate by my first remark. I'm not suggesting — assuming I could have proved it was over-insured by ten times and that they lost millions of dollars and each of them had a long history of this kind of thing". Although posed in the negative, this language was highly suggestive and likely to improperly influence the jurors on the issue of motive. It was essential for the People to establish that the conflagration was caused by the ignition of gasoline. The testimony of the fire marshal, a man with 25 years of experience, was critical. During the marshal's testimony, the court engaged in an off-the-record conference with him and concluded by stating: "After a colloquy with the witness, his answer is that he cannot say with any reasonable degree of certainty that the gasoline was wilfully ignited. It could have been accidentally ignited, but in a case like this you do not have a spontaneous combustion, it does not ignite by itself." As indicated in *People* v. *Mendes* (3 N Y 2d 120), the Trial Judge must exercise extreme caution in its examination of witnesses. There it was stated (p. 121): "Particularly is this true in a case like the one at hand where the balance and weight of the evidence are such as to enhance the possibility that the stated opinion of the trial court or even the suggestion of an opinion might be seized upon by the jury and eventually prove decisive." This occurrence, followed by extensive interrogation of the marshal by the Trial Judge as to his opinion of the cause of the fire, was likely to have conveyed an impression to the jury that the Trial Judge believed the fire was incendiary and caused by the ignition of gasoline. In the interests of justice, in order to avoid even the possibility that the convictions were the result of these prejudicial occurrences, we remand this case for a new trial (cf. *People* v. *McIntyre,* 31 A D 2d 964). Rabin, P. J., Munder, Shapiro, Christ and Brennan, JJ., concur.